IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIV |
| v. | ) ) | **COMPLAINT** |
| ROBERTS TRUCK CENTER OF NEW MEXICO, LLC, ROBERTS TRUCK CENTER OF KANSAS, LLC, ROBERTS TRUCK CENTER OF OKLAHOMA, LLC, ROBERTS TRUCK CENTER OF TEXAS, LLC, ROBERTS TRUCK CENTER, LTD, AND ROBERTS TRUCK CENTER HOLDING COMPANY, LLC. | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Katherine Abernathy and a class of female employees, of Defendants, who were adversely affected by such practices during their employment with Defendants.  The Commission alleges that Katherine Abernathy and a class of female employees of Defendant, including but not limited to, Karen Tate, Celena Woody, and Renae Pilcher, were subjected to sexual harassment by their co-worker, who was also an employee of Defendants Employer, which created a hostile work environment for them because of their sex, female.  The sexual harassment and hostile work environment created by the co-worker include, but are not limited to, verbal sexual harassment, including sexual comments and

1

innuendo about female employees and customers, propositioning for dates and sex, and unwelcome physical touching, including but not limited to hugging, snapping of bra straps, grabbing, holding, and/or touching or attempted touching of body parts, including but not limited to, intimate body parts, such as, *inter alia*, the butt and breast.  The Commission also alleges that Katherine Abernathy suffered retaliation in the terms, conditions or privileges of her employment because she opposed unlawful employment practices, including, making complaints to Defendants managers about the co-worker's unwelcome sexual conduct.  Finally, the Commission alleges that Katherine Abernathy was discharged by Defendants because she opposed unlawful employment practices and/or because of her sex, female.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Mexico.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendants Employer have continuously been an integrated enterprise operating in the United States and doing business in the State of New Mexico as Roberts Truck Center of New Mexico, LLC in the Cities of Albuquerque and Farmington, and have continuously had at least 15 employees.

5.      At all relevant times, Defendants Employer have continuously been, and are now, an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.      More than thirty days prior to the institution of this lawsuit, Katherine Abernathy filed a charge with the Commission alleging violations of Title VII by Defendants Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.      Since at least January 2008, Defendants Employer have engaged in unlawful employment practices at its Farmington, New Mexico facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) because of sex.  These practices include but are not limited to the verbal and physical harassment of Katherine Abernathy and a class of female employees, including but not limited to, Karen Tate, Celena Woody, and Renae Pilcher, which created a hostile work environment for them, because of their sex, female.

   a) The sexual harassment of Ms. Abernathy by her co-worker included but was not limited to, verbal sexual harassment, including sexual comments or innuendo about female employees and customers, propositioning for dates and sex, and unwelcome physical touching, including but not limited to hugging, snapping of bra straps, grabbing, holding, and/or touching of body parts, including but not limited to intimate body parts,

such as, *inter alia*, the butt and breast. The harassment of Ms. Abernathy occurred during her employment with Defendants at the Farmington, New Mexico facility.

    b) The sexual harassment of the class of women included but was not limited to, verbal sexual harassment, including sexual comments or innuendo and unwelcome physical touching, including but not limited to snapping bra straps, and/or touching or attempted touching of body parts, including but not limited to intimate body parts, such as, *inter alia*, the butt and breast. The harassment of the class of women occurred during their employment with Defendants at the Farmington, New Mexico facility.

    c) Since at least January, 2008, managerial officials of Defendants knew or should have known of the co-worker's harassment of women in the workplace and managerial officials of Defendants had received complaints from Katherine Abernathy and the class of women about the co-worker's harassing conduct and Defendants failed to take appropriate action to stop the sexual harassment.

    d) Since at least January 5, 2009, Katherine Abernathy was discharged by Defendants because of her sex, female.

8.    Since at least January 2008, Defendants Employer have engaged in unlawful retaliation at the Farmington, New Mexico facility in violation of Section 704(a) of Title VII, 42 U.S.C. §§ 2000e-3(a) because of Katherine Abernathy's opposition to sexual harassment and her complaints of sexual harassment to managers. Following Ms. Abernathy's opposition and complaints, she was subjected to retaliatory practices including but not limited to continuous sexual harassment, having sales opportunities stolen from her, being humiliated or belittled relating to her sales, and other retaliation in the terms, conditions or privileges of her

employment all of which humiliated her, undermined her sales position and adversely affected her future employment opportunities. Further, Ms. Abernathy was subjected to a retaliatory termination on January 5, 2009.

9. The effect of the practices complained of in paragraphs 7-8 above has been to deprive Katherine Abernathy and a class of females, including but not limited to, Karen Tate, Celena Woody, and Renae Pilcher, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female. The practices complained of in paragraphs 7-8 above deprived women employed by Defendants in Farmington, New Mexico, including at least Ms. Abernathy, Ms. Tate, Ms. Woody, and Ms. Pilcher, of opportunities to work in an environment free of harassment because of sex and free of retaliation.

10. The unlawful employment practices complained of in paragraphs 7-8 above were intentional.

11. The unlawful employment practices complained of in paragraph 7-8 above were done with malice and/or with reckless indifference to the federally protected rights of Katherine Abernathy and other female employees of Defendant Employer.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants Employer, its officers, agents, servants, employees, successors, assigns and all persons in active concert or participation with it, from engaging in harassment of employees because of sex and any other employment practice which discriminates on the basis of sex.

B.	Grant a permanent injunction enjoining Defendants Employer, its officers, agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice that retaliates against any individual for opposition to perceived unlawful employment practices and/or because the individual has made a charge, testified, assisted or participated in any manner in a Title VII proceeding.

C.	Order Defendants Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices, including sex discrimination and retaliation.

D.	Order Defendants Employer to make whole Katherine Abernathy, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, reinstatement and/or front pay in lieu of reinstatement.

E.	Order Defendants Employer to make whole Katherine Abernathy and the class of women by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-8 above, in amounts to be determined at trial.

F.	Order Defendants Employer to make whole Katherine Abernathy and the class of women by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-8 above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life, and other nonpecuniary losses, in amounts to be determined at trial.

G. Order Defendants Employer to pay Katherine Abernathy and the class of women punitive damages for its malicious and/or reckless conduct described in paragraphs 7-8 above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMANDED

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 27th day of September 2010.

    Respectfully submitted,

    PATRICK D. LOPEZ
    General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    1801 L Street, NW
    Washington, D.C.  20507


    /s/ Medina for Mary Jo O'Neill
    MARY JO O'NEILL
    Regional Attorney

    EQUAL EMPLOYMENT OPPORTUNITY
      COMMISSION
    Phoenix District Office
    3300 North Central Avenue
    Suite 690
    Phoenix, Arizona 85012

/s/ Medina for Rita Byrnes Kittle
RITA BYRNES KITTLE
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Denver Field Office
303 E. 17th Avenue, #410
Denver, CO  80203

*Electronically Filed*

/s/ LORETTA MEDINA
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
Albuquerque Area Office
505 Marquette NW, Suite 900
Albuquerque, New Mexico 87102
(505) 248-5230

Attorneys for Plaintiff